UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Bigham et al,   Civ. No. 12-1892 (JNE/LIB)

        Plaintiffs,

v.   **REPORT AND RECOMMENDATION**

Lockco L.L.C.,

        Defendant.

This matter came before the undersigned United States Magistrate Judge upon the Plaintiffs' motion for default judgment and injunctive relief. The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1. The Court held a hearing on Plaintiffs' motion on January 10, 2013. For the reasons outlined below, the Court recommends that Plaintiffs' motion be **GRANTED**.

Based on the files, records, and proceedings herein, the Court makes the following proposed findings of fact, conclusions of law, and order.

## FINDINGS OF FACT

1. The Defendant was served with the Summons and Complaint in the present action on August 8, 2012. (Docket No. 2).

2. Defendant has failed to Answer, or otherwise defend, and is in default.

3. On August 31, 2012, a clerk's entry of default against Defendant was entered.

4. Plaintiffs are fiduciaries of multiemployer fringe benefit plans defined by 29 U.S.C. § 1002(37), which is established to provide pension, health and welfare, and other benefits to employees doing work in the construction trades, pursuant to a written agreement.

5. Defendant Lockco accepted and agreed to be bound to the terms of a collective bargaining agreement between the Duluth division of the Sheet Metal and Roofing and Air Conditioning Contractors Association ("SMARCA") and the Sheet Metal Workers Local No. 10 covering the period of June 13, 2011 through April 28, 2013 ("Collective Bargaining Agreement").

6. The Collective Bargaining Agreement incorporates by reference the Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement.

7. Pursuant to the Collective Bargaining Agreement, Defendant is obligated to submit to Plaintiffs monthly fringe benefit contribution report forms indicating the fringe benefit contribution payments amounts due for the prior month, together with the corresponding fringe benefit contribution payments for each hour worked by all employees covered by the Collective Bargaining Agreement. The report forms and fringe benefit contributions are due on or before the 10th day of the month following the month during which the work was performed.

8. Defendant failed to timely submit to Plaintiffs' fringe benefit contribution report forms and fringe benefit contribution payments for work performed in June of 2012.

9. Pursuant to the remittance report untimely submitted by Lockco for the month of June 2012, $3,436.81 is due and owing for delinquent contributions. (Aff. of Shiela Rice [Docket No. 14] ¶ 8, Ex. D).

10. Lockco submitted a payment in the total amount of $4,200.00, for which it is entitled to a credit. (Aff. of Shiela Rice [Docket No. 14] ¶ 9).

11. Defendant has failed to timely submit to Plaintiffs' fringe benefit contribution report forms and fringe benefit contribution payments for work performed in July of 2012 through the present.

12. The Collective Bargaining Agreement and Trust Agreement state that Defendant is liable for liquidated damages in the amount of ten percent (10%) of the contributions due and owing for the month, as well as interest on the unpaid contributions at the rate provided in 26 U.S.C. § 6621 and reasonable attorney fees and costs for this action. However, if the delinquent contributions, together with liquidated damages assessment, is not received by the Plaintiffs on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent (20%).

## CONCLUSIONS OF LAW

1. Defendant is liable for all delinquent fringe benefit contribution payments, liquidated damages of the unpaid fringe benefit contribution amount, interest, and reasonable attorney fees and costs for June 2012 through the present.
2. Liquidated damages of $687.36 are due and owing to Plaintiffs for June of 2012.
3. Plaintiffs' motion for entry of Defendants' default and for default judgment pursuant to Rule 55 of the Fed. R. Civ. P. should be granted.
4. Plaintiffs are entitled to an injunction as described below.

Based on the foregoing, it is hereby RECOMMENDED that:

1. The Plaintiffs' motion for default judgment and injunctive relief [Docket No. 11] be **GRANTED** .

2. Defendant is to submit to Plaintiffs' complete monthly remittance reports for the period of July 2012 through the present that correctly identify the hours worked by its employees pursuant to the Collective Bargaining Agreement within 14 days of service of the Order adopting this Report and Recommendation. The required reports shall be submitted to Plaintiffs at 1681 Cope Avenue, Suite A, Maplewood, MN 55109.

3. Defendant is in default, and it appears that Plaintiffs are entitled to judgment against Defendant for delinquent fringe benefit contribution payments, together with interest, liquidated damages of the unpaid contributions, and the reasonable attorney fees and costs of this action.

4. The Court will not enter judgment at this time but will determine the total amount of contributions, interest, liquidated damages, and attorneys' fees and costs after the parties further submissions as follows:

   a. After receiving the outstanding fringe benefit reports, the Plaintiffs may file and serve a Motion for Entry of a Money Judgment in the amount the Plaintiffs determine that the Defendant owes for delinquent contributions, interest, liquidated damages for the delinquency period, as well as reasonable attorneys' fees and costs.

   b. The Defendant may then file and serve a response to the Plaintiffs' Motion within ten (10) days of the date the Plaintiffs' Motion is served.

   c. The Court will examine the parties' submissions and issue an order for judgment as the Court deems appropriate. No hearing will be held unless the Court orders

otherwise.

5. The Plaintiffs' counsel shall mail a copy of the Final Order to Defendant at its last known address by both first class mail and by certified mail, return receipt requested.

Dated: January 25, 2013

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 8, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.